# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| ON SEMICONDUCTOR CORP. | : | |
| | : | |
| and | : | |
| | : | |
| SEMICONDUCTOR COMPONENTS | : | |
|   INDUSTRIES, LLC, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 6:06-cv-523 (LED) |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| SAMSUNG ELECTRONICS CO., LTD., | : | |
| SAMSUNG ELECTRONICS AMERICA, INC., | : | |
| SAMSUNG TELECOMMUNICATIONS | : | |
|   AMERICA GENERAL, L.L.C., | : | |
| SAMSUNG SEMICONDUCTOR, INC., and | : | |
| SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANTS' MOTION TO TRANSFER TO THE
### DISTRICT OF DELAWARE PURSUANT TO THE FIRST-TO-FILE RULE

### (PARTIALLY REDACTED)

Michael E. Jones
Allen F. Gardner
POTTER MINTON
110 North College 500 Plaza Tower
Tyler, Texas 75702
(903) 597-8311

OF COUNSEL:
John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

*Attorneys for Samsung Electronics America, Inc.,*
*Samsung Telecommunications America General,*
*L.L.C., Samsung Semiconductor, Inc., and Samsung*
*Austin Semiconductor L.L.C.*

Dated:  December 26, 2006

## **TABLE OF CONTENTS**

**Page**

PROCEDURAL HISTORY.............................................................................................................1

STATEMENT OF FACTS ...........................................................................................................2

ARGUMENT ................................................................................................................................2

I.      LEGAL STANDARDS. ....................................................................................................2

II.     THERE IS A SUBSTANTIAL OVERLAP OF ISSUES BETWEEN THE
        TEXAS ACTION AND THE DELAWARE ACTION, AND THE FIRST-TO-
        FILE RULE THEREFORE APPLIES.................................................................................4

III.    THE DELAWARE ACTION WAS NOT FILED IN ANTICIPATION OF THE
        TEXAS ACTION.................................................................................................................5

IV.    THE INTERESTS OF EXPEDIANCY AND JUSTICE DO NOT WEIGH
        AGAINST TRANSFER TO THE DISTRICT OF DELAWARE. .....................................7

CONCLUSION............................................................................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*ADE Corp. v. KLA-Tencor Corp.*,
    138 F. Supp. 2d 565 (D. Del. 2001)................................................................. 10

*AdvanceMe, Inc. v. Rapidpay LLC*,
    450 F. Supp. 2d 669 (E.D. Tex. 2006) ........................................................... 10

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998).................................................................. 8

*AmberWave Systems Corp. v. Intel Corp.*,
    No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) ...................... 4

*Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*,
    846 F.2d 731 (Fed. Cir. 1988)....................................................................... 6

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ........................................................................ 2

*Chase Manhattan Bank, U.S.A., N.A. v. Freedom Card, Inc.*,
    265 F. Supp. 2d 445 (D. Del. 2003)............................................................... 8

*Continental Airlines, Inc. v. American Airlines, Inc.*,
    805 F. Supp. 1392 (S.D. Tex. 1992) ............................................................. 10

*Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*,
    821 F. Supp. 962 (D. Del. 1993).................................................................... 10

*Dorman Products, Inc. v. Pontiac Coil, Inc.*,
    No. 06-3157, 2006 WL 2927307 (E.D. Pa. 2006) .......................................... 7

*Electronics for Imaging, Inc. v. Coyle*,
    394 F.3d 1341 (Fed. Cir. 2005)...................................................................... 5

*Fina Research S.A. v. Baroid, Ltd.*,
    141 F.3d 1479 (Fed. Cir. 1998)...................................................................... 6

*Genentech Inc. v. Eli Lilly & Co.*,
    998 F.2d 931 (Fed Cir. 1993)......................................................................... 3

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,
    824 F.2d 953 (Fed. Cir. 1987)....................................................................... 5

*Intel Corp. v. AmberWave Systems Corp.*,
    233 F.R.D. 416 (D. Del. 2005) ...................................................................... 4

*J. Lyons & Co. Ltd. v. Republic of Tea, Inc.,*
    892 F. Supp. 486 (S.D.N.Y. 1995) .................................................................. 6

*Jelec USA, Inc. v. Safety Controls, Inc.,*
    No. H-06-2379, 2006 WL 3358896 (S.D. Tex. Nov. 17, 2006) ........................ 9

*Mann Mfg., Inc. v. Hortex, Inc.,*
    439 F.2d 403 (5th Cir. 1971) ......................................................................... 3

*Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.,*
    No. 96-101, 1996 WL 328594 (D. Del. Apr. 23, 1996) .................................... 8

*Motorola, Inc. v. PC-Tel, Inc.,*
    58 F. Supp. 2d 349 (D. Del. 1999) ................................................................. 8

*National Instruments Corp. v. Softwire Technology, LLC,*
    No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952 (E.D. Tex. May 9, 2003) ..................... 5

*Overson v. Berryman Products,*
    No. 2:06CV114, 2006 WL 3345264 (E.D. Tex. Nov. 6, 2006) ........................ 9

*Save Power Ltd., v. Syntek Finance Corp.,*
    121 F.3d 947 (5th Cir. 1997) ......................................................................... 3

*Singleton v. Volkswagen of America, Inc.,*
    No. 2-06-CV-222, 2006 WL 2634768 (E.D. Tex. Sept. 12, 2006) .................. 8

*Sutter Corp. v. P & P Indus., Inc.,*
    125 F.3d 914 (5th Cir. 1997) .................................................................... 2, 3

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,*
    157 F.R.D. 215 (D. Del. 1993) ....................................................................... 7

**Statutes**

28 U.S.C. § 2201 .............................................................................................. 8

Defendants Samsung Electronics America, Inc., Samsung Telecommunications America General L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.[1] respectfully move this Court, pursuant to the first-to-file rule, for an order transferring this action to the United States District Court for the District of Delaware.  This patent infringement action filed on December 4, 2006 addresses the same issues of patent infringement and invalidity already at issue in an action filed on November 30, 2006 by co-defendant Samsung Electronics Co., Ltd. in the United States District Court for the District of Delaware.  Because there is a substantial overlap of issues between this action and the earlier-filed Delaware action — all four patents asserted by Plaintiffs in this action are at issue in the Delaware action, and the parties to both actions are the same — this Court should transfer this action to Delaware pursuant to the first-to-file rule for a determination of which action should proceed.

## PROCEDURAL HISTORY

On November 30, 2006, Defendant Samsung Electronics Co., Ltd. ("SEC") filed a complaint in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 (the "Delaware Action"), seeking a declaration that three United States patents purportedly owned by Plaintiffs — U.S. Patent Nos. 5,563,594 (the "'594 Patent"), 6,362,644 (the "'644 Patent"), and 5,361,001 (the "'001 Patent") — are invalid and not infringed by Samsung.  (Jones Dec. Ex. 1.)

Four days later, on December 4, 2006, Plaintiffs filed this patent infringement action against SEC (the "Texas Action"), alleging infringement of the same three patents at issue in the Delaware Action and a fourth patent, U.S. Patent No. 5,000,827 (the "'827 Patent").  Plaintiffs also named four SEC affiliates as co-defendants in the Texas Action — Samsung Electronics

---

[1] Co-defendant Samsung Electronics Co., Ltd. has not been served with the Complaint.  If and when it is served, Samsung Electronics Co., Ltd. will join in this motion.

America, Inc. ("SEA"), Samsung Telecommunications America General, L.L.C. ("STA"),

Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor L.L.C. ("SAS").

On December 21, 2006, Defendants filed an amended complaint in the Delaware Action

adding SEA, STA, SSI, and SAS as co-plaintiffs with SEC, adding a claim for declaratory

judgment of noninfringement and invalidity of the '827 patent, and adding a claim against

Plaintiffs for infringement of an SEC patent — U.S. Patent No. 5,252,177.  (Jones Dec. Ex. 2.)

That same day, Defendants also filed a motion to enjoin Plaintiffs from pursuing the Texas

Action pursuant to the first-filed rule.  That motion is pending before the Delaware court.  (Jones

Dec. Ex. 3.)  Because the Delaware Action is the first-filed action, and because the Texas Action

is duplicative of the Delaware Action, Defendants move this Court under the first-to-file rule for

an order transferring the Texas Action to Delaware.

**STATEMENT OF FACTS**

**[REDACTED]**[2]

**ARGUMENT**

**I.      Legal Standards.**

Under the "first-to-file" rule, the court in which an action is first filed is the appropriate

court to determine whether subsequently filed cases involving substantially similar issues should

proceed.  *See, e.g., Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 606 (5th Cir. 1999);

---

[2] In connection with Defendants' motion to enjoin filed in Delaware, Plaintiffs contended that
the parties' licensing discussions were confidential and requested that the motion be filed under
seal.  Defendants did so, with a full reservation of rights to challenge Plaintiffs' confidentiality
assertion.  Because the parties' licensing discussions are addressed in this motion as well,
Defendants have filed a redacted version of this motion along with a motion for leave to file an
amended version under seal, again with a full reservation of rights to challenge Plaintiffs'
confidentiality assertion.

2

*Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997); *Save Power Ltd., v. Syntek Finance Corp*., 121 F.3d 947, 950 (5th Cir. 1997); *see also Genentech Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed Cir. 1993).

Courts use the first-to-file rule "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle*, 174 F.3d at 604 (emphasis in original). Furthermore, the first-to-file rule "not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Cadle*, 174 F.3d at 606 (quoting *Sutter Corp.*, 125 F.3d at 920).

The only inquiry in the court in which the second suit is filed is whether or not there might be a substantial overlap of issues between the first and second suits. *See Cadle*, 174 F.3d at 606. If there might be a substantial overlap of issues between the first and second suits, the proper course of action for the court in which the second suit was filed is to transfer the case to the court in which the first suit was filed "to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Id*. The determination of whether there is an actual substantial overlap between the two actions is thus reserved for the first-filed court. *See, e.g., Mann Mfg., Inc. v. Hortex, Inc*., 439 F.2d 403, 408 (5th Cir. 1971) ("By virtue of its prior jurisdiction over the common subject matter and its injunction of suit involving that subject matter in Texas, the ultimate determination of whether *actually* was a substantial overlap requiring consolidation of the two suits in New York belonged to the United States District Court in New York."). As set forth below, the first-to-file rule requires that this action be transferred to the United States District Court for the District of Delaware.

II.     **There Is A Substantial Overlap Of Issues Between The Texas Action And The Delaware Action, And The First-To-File Rule Therefore Applies.**

It is indisputable that there is a substantial overlap of issues between the Texas Action and the first-filed Delaware Action.  First, the same three patents that were the subject of SEC's original complaint in the Delaware Action — the '594 patent, the '644 patent, and the '001 patent — are all asserted in the Texas Action by Plaintiffs.  (Jones Dec. Ex. 1.)  Thus, the identical issues of infringement and validity raised in the Texas Action with respect to the '594, '644, and '001 patents are already at issue in the Delaware Action.

Additionally, Defendants have filed an amended complaint adding to the Delaware Action the fourth patent asserted by Plaintiffs in the Texas Action — the '827 patent.  Thus, the '827 patent — which, given the fact that it was not disclosed to SEC during the yearlong licensing discussions, appears to have been added by Plaintiffs to manufacture an argument that the two cases are not identical — is also at issue in the Delaware Action.

Further, because all four of Plaintiffs' patents relate to design and manufacture of semiconductor products, and therefore involve closely related subject matter, the Delaware Action is deemed to be the first-filed action with respect to the '827 patent as well.  *See AmberWave Systems Corp. v. Intel Corp.*, No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005), and *Intel Corp. v. AmberWave Systems Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005). Just like in *Intel*, presentation of the parties' respective infringement and noninfringement positions for all four patents "will require a judge, on the summary judgment motions that are sure to be filed, and a jury, at any trial of the case, to become familiar with the same field of art, the same fundamental science and technology associated with methods of semiconductor fabrication, the same allegedly infringing devices, and, in any damages analysis, the same pricing, sales, and related market data."  *Intel*, 233 F.R.D. at 418.

Third, with the filing of the amended complaint in the Delaware Action adding SEA, STA, SSI, and SAS as co-plaintiffs, the parties to the Delaware and Texas Actions are identical. Even as originally filed, however, both actions had Samsung's interests on one side and Plaintiffs' interests on the other.  In any event, it is well-settled that the first-to-file rule does not require identity of parties.  *See, e.g., National Instruments Corp. v. Softwire Technology, LLC*, No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952 (E.D. Tex. May 9, 2003).

In view of the foregoing, there is a substantial overlap of issues between the Texas Action and the Delaware Action.  Unless Plaintiffs can demonstrate some exception to the first-to-file rule — which they cannot — this case should be transferred to Delaware.

**III.    The Delaware Action Was Not Filed In Anticipation Of The Texas Action.**

Although some courts may recognize an exception to the first-to-file rule where the first action was filed in anticipation of the second action in a "race to the courthouse," as the Court in *National Instruments* observed, that issue is more properly addressed by the first-filed court rather than the second-filed court.  *National Instruments*, 2003 U.S. Dist. LEXIS 26952 at *3. Nonetheless, the Delaware Action was not filed in anticipation of the Texas Action.

The purpose of declaratory judgment actions in patent cases is "to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights."  *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987); *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005).  In view of Plaintiffs' pre-suit threats, SEC had more than adequate grounds to file the Delaware Action, and to file in Delaware.

The Declaratory Judgment Act requires the existence of an actual controversy before a federal court may exercise jurisdiction in a declaratory judgment action.  28 U.S.C. § 2201.  In a patent case, an actual case or controversy exists when there is:  (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory

judgment plaintiff that it will face an infringement suit; and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.  *See, e.g, Fina Research S.A. v. Baroid, Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998).  Furthermore, "[w]hen the [patentee's] conduct . . . falls short of an express charge, one must consider the 'totality of the circumstances' in determining whether that conduct meets the first prong of the test." *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988).  Both prongs of this test are met in this case.

**[REDACTED]**

In view of the foregoing, Plaintiffs cannot credibly argue that SEC filed the Delaware Action in anticipation of the Texas Action.  Plaintiffs never indicated that they planned to file suit against SEC within a specific or definite timeframe, or that they were considering bringing suit in the Eastern District of Texas.  (Muir Dec. ¶ 16.)  Because both Plaintiffs are Delaware companies, filing a declaratory judgment action in Delaware was a perfectly sound choice by SEC.  Further, Delaware does not offer Defendants any special advantage or convenience over other forums.  Patent law is uniform throughout the United States, and Delaware therefore does not offer Defendants law that is more favorable than other jurisdictions.  Nor does Delaware offer Defendants any particular convenience with respect to location of witnesses or documents, as neither Plaintiffs nor Defendants are located in Delaware.

This case does not have any of the hallmarks one would expect to see in a case of anticipatory filing.  For example, Plaintiffs never indicated to SEC that they were about to file an infringement action, such as by sending a letter stating Plaintiffs' "intention to file suit, a filing date, and/or a specific forum for the filing of the suit," *J. Lyons & Co. Ltd. v. Republic of Tea, Inc.,* 892 F. Supp. 486, 491 (S.D.N.Y. 1995), or by providing SEC with a draft infringement

complaint.  *See Dorman Products, Inc. v. Pontiac Coil, Inc.*, No. 06-3157, 2006 WL 2927307

(E.D. Pa. 2006) .  Nor did SEC's filing of the Delaware Action secure a venue that differed from

the venue that one would have expected Plaintiffs to choose.  The District of Arizona, not

Eastern District of Texas, is Plaintiffs' home forum, and SEC is headquartered in Seoul, Korea.

Plaintiffs would therefore not have been expected to choose the Eastern District of Texas as a

forum.   In view of the foregoing, SEC's filing of the Delaware Action was proper and not

anticipatory.  As such, the first-to-file rule applies, and this case should be transferred to the

District of Delaware.

**IV.    The Interests Of Expediancy And Justice Do Not Weigh Against Transfer To The District of Delaware.**

Nor do the interests of expediency and justice warrant a departure from the first-to-file

rule.  As this Court observed in *AmberWave*, if this Court were to retain this action there would

be "simultaneous actions between the same parties over related technologies and involving the

same accused products."  *AmberWave*, 2005 WL 2861476 at *2.  Moreover, the Eastern District

of Texas does not offer any more convenience for the parties and witnesses than the District of

Delaware.  Plaintiffs are Delaware companies with headquarters in Phoenix and offices across

the United States and abroad (Jones Dec. Ex. 4), and none of the Defendants are headquartered

in the Eastern District of Texas.[3]  And because Plaintiffs are both Delaware companies, they

should not be heard to complain that they would be inconvenienced by litigating this case in

Delaware.  *See, e.g., Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D.

Del. 1993) ("Absent some showing of a unique or unexpected burden, [Delaware] corporations

---

[3] SEC has its principal place of business in Seoul, Korea.  SEA has its principal place of business in Ridgefield Park, New Jersey.  STA has its principal place of business in Richardson, Texas, which is in the Northern District of Texas.  SSI has its principal place of business in San Jose California.  SAS has its principal place of business in Austin, Texas, which is in the Western District of Texas.

should not be successful in arguing that litigation in their state of incorporation is inconvenient.").

Further, when the typical private and public interest factors in a convenience analysis are considered, it is clear that the Eastern District of Texas is no more convenient than the District of Delaware.  *See, e.g, Singleton v. Volkswagen of America, Inc.*, No. 2-06-CV-222, 2006 WL 2634768, *1 (E.D. Tex. Sept. 12, 2006) (setting forth private and public interest factors that are considered in a convenience analysis).  First, SEC's choice of Delaware as a forum is rational and appropriate given that both Plaintiffs are Delaware companies, and that Delaware has an interest in cases that involve companies that have availed themselves of the protection of Delaware's laws.  *See Chase Manhattan Bank, U.S.A., N.A. v. Freedom Card, Inc.*, 265 F. Supp. 2d 445 (D. Del. 2003), *quoting Motorola, Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 356 (D. Del. 1999) ("this forum's interest extends to these corporate citizens that have sought the protection of Delaware's laws.").

Second, the Eastern District of Texas is no more convenient to Plaintiffs — who are headquartered in Phoenix — than the District of Delaware.  Plaintiffs are sophisticated companies with operations throughout the United States and abroad.  In 2005, Plaintiffs had over $1.2 billion in revenue.  (Jones Dec. Ex. 4.)  "[F]or a company engaged in business throughout the United States, the claim that litigation away from the most convenient forum is burdensome is somewhat suspect."  *Matsushita Battery Industrial Co., Ltd. v. Energy Conversion Devices, Inc.*, No. 96-101, 1996 WL 328594 (D. Del. Apr. 23, 1996) ; *see also Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 202 (D. Del. 1998) (litigating in Delaware "should not impose an undue financial burden" on the parties because they were "multi-million dollar corporations with

interests and activities spanning the globe").  And in this case, unlike in *Matsushita*, the Eastern District of Texas is not even the most convenient forum for Plaintiffs.

Third, the convenience of witnesses does not render the Eastern District of Texas more convenient than the District of Delaware.  As an initial matter, it is well-settled that the convenience of party witnesses is accorded less weight in a convenience analysis than non-party witnesses, because each party is able and obligated to procure the attendance of its own witnesses for trial.  *See, e.g., Overson v. Berryman Products,* No. 2:06CV114, 2006 WL 3345264, *2  (E.D. Tex. Nov. 6, 2006); *see also Jelec USA, Inc. v. Safety Controls, Inc.*, No. H-06-2379, 2006 WL 3358896, *5  (S.D. Tex. Nov. 17, 2006) ("The convenience of parties and employees of corporate parties, however, is entitled to less weight because that party will be able to compel their testimony at trial.").  In this case there is no reason to believe that there will be a significant number of non-party witnesses, and there is certainly no reason to believe that there will be a significant number of non-party witnesses located in the Eastern District of Texas.

Witness convenience, therefore, does not favor the Eastern District of Texas over the District of Delaware.   Plaintiffs are headquartered in Phoenix and operate nationally and internationally.  Defendants are a Korea-based family of companies with headquarters in Korea. The products that are accused of infringement, DRAMs, were designed and developed in Korea. (Muir Dec. ¶ 19.)  Thus, most of the witnesses who have knowledge of the accused products are located in Korea, as are the relevant technical documents.  *Id.*  Additionally, the infringement alleged by Plaintiffs is not focused on any one single jurisdiction, but is alleged to occur throughout the United States.  (*See* Complaint.)  Discovery in this case will thus take place in Korea and throughout the United States, and the overall burden and cost of litigating this case will be the same whether trial takes place in Delaware or Texas.

Fourth, the location of documents and other sources of proof does not favor the Eastern District of Texas over the District of Delaware. The two most common practices for producing documents in patents cases — like in other complex cases — is either to produce them electronically, or to copy and mail them to opposing counsel. Thus, the ultimate location of trial will have no impact on document production or access to other sources of proof. *See ,e.g., AdvanceMe, Inc. v. Rapidpay LLC,* 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) ("Typically, documents and other records are easily transportable in paper or electronic form."); *Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F. Supp. 1392, 1401 (S.D. Tex. 1992) ("the relevant documents could be produced and examined anywhere."); *see also ADE Corp. v. KLA-Tencor Corp.,* 138 F. Supp. 2d 565, 571 (D. Del. 2001); ("With new technologies for storing and transmitting information, the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles"); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.,* 821 F. Supp. 962, 966-67 (D. Del. 1993) ("The location of documents, in the context of access to proof, in a document-intensive case such as this can be misleading . . . Regardless of where trial is held, the documents will be copied and mailed to the offices of counsel and subsequently transported to trial."). Either way, the ultimate location of trial has no impact on document production.

Fifth, none of the public interests factors typically considered in a convenience analysis — the administrative difficulties caused by court congestion, the local interest in adjudicating local disputes, the unfairness of burdening citizens in an unrelated forum with jury duty, and the avoidance of unnecessary problems in conflict of laws — favor the Eastern District of Texas over the District of Delaware. To the contrary, given that none of the parties have as their home forum the Eastern District of Texas, that infringement is alleged to occur throughout the United

States, that Plaintiffs are both Delaware companies, and that two of the Defendants are Delaware companies and none are Texas companies,[4] the public interest favors the District of Delaware over the Eastern District of Texas.

In view of the foregoing, the interests of expediency and justice do not warrant departure from the first-to-file rule.

## CONCLUSION

For the foregoing reasons, pursuant to the first-to-file rule, Defendants respectfully request that the Court grant their motion and transfer this action to the United States District Court for the District of Delaware.

Respectfully submitted,

Dated:  December 26, 2006

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 North College 500 Plaza Tower
Tyler, Texas X 75702
(903) 597-8311
(903) 593-0846 (Facsimile)

*Attorneys for Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.*

---

[4] SEC is a corporation organized under the laws of the Republic of Korea.  SEA is a New York corporation.  STA is a Delaware limited liability company.  SSI is a California corporation.  SAS is a Delaware limited liability company.

OF COUNSEL:

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 26, 2006.  Any other counsel of record will be served by first class on this same date.

*/s/ Michael E. Jones*

12